CITY OF WARWICK

v.

Mark T. ADAMS.

No. 2000–328–M.P.

Supreme Court of Rhode Island.

May 11, 2001.

Lauren Sandler Zurier, Aaron Weisman, Esq., Assistant Attorney Generals, Paul Dutra, for Plaintiff.

Barbara Hurst (Asst. Public Defender), for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case concerns the propriety of a District Court judge's refusal to allow a person accused of a misdemeanor to withdraw the jury-trial waiver that the accused had executed during an initial appearance before a justice of the peace authorized to set and take bail under G.L.1956 § 12–10–2 (bail commissioner). The petitioner, Mark T. Adams (petitioner or Adams), sought a writ of certiorari from this Court to review a District Court judge's refusal to permit him to withdraw his previous jury-trial waiver. The respondent City of Warwick (city) did not object to the petition. The parties met with a single justice of this Court, who vacated the District Court's decision and transferred the case to the Superior Court. Thereafter, this Court issued the requested writ and assigned this case to the show cause calendar, ruling that the issue raised by the petition was "capable of repetition, but may evade review." We then ordered counsel for the petitioner to file a supplemental memorandum and invited counsel for the city and the Attorney General to file responsive memoranda.[1] We specifically invited the Attorney General to discuss "the current practice in the District Court relative to Dist. R.Crim. P. 23 which may be relevant to our determination in this case."[2]

The facts are not in dispute. As previously noted, Adams waived his right to a jury trial during a preliminary hearing at the Warwick police station, where he was charged with the crime of assault. Within ten days of this hearing, after consulting with counsel, Adams attempted to revoke his waiver of a jury trial in District Court, but he was not permitted to do so. Adams

1. Only the Attorney General's office did so.

2. Rule 23 of the District Court Rules of Criminal Procedure provides as follows:

"**Trial by jury or by the court.**—A defendant who is charged with an offense which is punishable by imprisonment for a term of more than six (6) months shall be advised by the Court, at the time of the defendant's initial appearance, that the defendant has a right to trial by jury in the first instance, but in the event the defendant chooses to waive that right and to stand trial in the District Court without a jury and is found guilty the defendant is entitled to appeal that judgment to the Superior Court where the defendant will receive a trial de novo before a jury. The defendant shall also be informed that if within ten (10) days of the date of his or her arraignment the defendant does not file a written waiver of his or her right to a jury trial in the first instance, the proceedings shall be transferred to the Superior Court for trial in that court. If the defendant files such a waiver the case shall proceed in accordance with these rules. If the defendant does not file a waiver within ten (10) days of his or her initial appearance before the Court, or if the defendant is allowed, for good cause shown, to withdraw his or her waiver after said ten-day period, the clerk shall transmit the record in the case to the clerk of the Superior Court for the county in which the offense was committed."

then filed the present petition with this Court.

■ The parties agree, as was stated in the previous order, that a jury-trial waiver may be withdrawn if the defendant does so within ten days of his or her initial appearance before a bail commissioner without the necessity of showing good cause. However, we hold that when good cause becomes a prerequisite for withdrawing a waiver, the fact that the defendant has decided to waive a jury trial at an initial hearing without the benefit of counsel constitutes good cause for allowing the withdrawal.

In explaining current District Court practice, the Attorney General indicates that defendants charged with misdemeanors usually are given an opportunity to waive their right to a jury trial when they appear before a bail commissioner. The state suggests that most District Court judges are "reasonable" about allowing a defendant to withdraw a waiver of his or her right to a jury trial, either before or after the passage of ten days following the defendant's initial court appearance. According to the state, the District Court judge's denial in this case of petitioner's request to withdraw his jury trial waiver was an anomaly.

The powers of bail commissioners are enumerated in § 12–10–2. Under § 12–10–2(a), they are authorized "to set and take bail in all complaints bailable" and "to commit to the adult correctional institutions all respondents arrested on such complaints." They also "issue warrants, and complaints," but may not issue search warrants. *Id.* In addition, in misdemeanor cases, they "may accept pleas of not guilty," and then "schedule a pretrial conference date before a judge of the district court." Section 12–10–2(b). Finally, in non-capital felony cases, they "may also schedule felony screening dates." Section 12–10–2(c).

■ An administrative order issued by the chief judge of the District Court specifies the procedures to be followed by bail commissioners "when conducting arraignments in misdemeanor cases and initial appearances in felony cases." District Court Administrative Order 88–18 at 1 (effective November 22, 1988) (Appendix A). The petitioner argues that a bail commissioner may not conduct such arraignments and that the administrative order that grants bail commissioners "full-fledged power to arraign" is *ultra vires.*

As we construe the administrative order, however, it does not extend the powers of bail commissioners beyond those which are provided by § 12–10–2. In misdemeanor cases, the bail commissioner may only accept a plea of not guilty. *See* District Court Administrative Order 88–18 at 1 (Order 88–18). Although the administrative order refers to this process as a "special arraignment," it does not constitute an arraignment as that term is used in the District Court's Rules of Criminal Procedure because it does not occur "in open court." Dist. R.Crim. P. 10; *see also* Dist. R.Crim. P. 11. If the defendant wishes to enter a plea of guilty or *nolo contendere,* the case must be reassigned for arraignment before a judge of the District Court. *See* Order 88–18 at 1. In felony cases, the bail commissioner must explain to the defendant that because the charge is beyond the jurisdiction of the District Court, no plea may be entered. *See id.* at 3. The bail commissioner must also inform the misdemeanor defendant that he has a right to a trial by jury and that he may waive that right and stand trial in District Court. *See id.* at 2. If the defendant wishes to waive his right to a jury trial, the bail commissioner must have the defendant execute a waiver of rights form, which is

returned to the court the following day. *See id.* at 2, 5.

The petitioner contends that these initial proceedings before bail commissioners, at which they may accept a not-guilty plea to a misdemeanor, should not be considered arraignments as that term is used in the District Court Rules of Criminal Procedure because, by definition, an arraignment "shall be conducted in open court" and the defendant must be allowed to plead as he chooses. Dist. R.Crim. P. 10; *see also* Dist. R.Crim. P. 11. The petitioner argues that the District Court Rules refer to "hearings" before a bail commissioner, but when discussing arraignments, the rules refer to the court. Dist. R.Crim. P. 6(e), 9, 10; *see also* Dist. R.Crim. P. 16(f), 23. As a matter of public policy, petitioner argues, a defendant should not be allowed to waive important rights, such as the right to trial by jury, outside of court. The petitioner asks this Court to hold that arraignments may occur only in open court and that a defendant may waive his right to a jury trial only in open court.

The state contends that the use of the term "court" in the District Court Rules includes bail commissioners for some purposes. Although the District Court Rules do not specifically recognize the power of a bail commissioner to accept a plea of not guilty, the state explains that the rules have not yet been revised to comport with the 1988 amendment to § 12–10–2, which established this authority. The state indicates that bail commissioners serve an important function in controlling the District Court's caseload by accepting pleas as authorized by § 12–10–2 outside of the normal court day. The state suggests that the District Court Rules may have to be amended to account for bail commissioners' authority to conduct the proceedings authorized by § 12–10–2. But it still urges this Court not to accept petitioner's

argument that bail commissioners should be precluded from conducting such proceedings or accepting waivers of the right to a jury trial.

At first glance, there appears to be a conflict between § 12–10–2(b) and the District Court Rules. Although the statute allows a bail commissioner to accept misdemeanor pleas of not guilty, Rule 10 provides that arraignments "shall be conducted in open court." Moreover, rules of court supersede any statutory regulation with which they conflict. *See* G.L.1956 § 8–6–2.

As now constituted, the District Court Rules do not provide for bail commissioners to conduct arraignments. After an arrest, a defendant is to be brought before a judge of the District Court "without unnecessary delay." Dist. R.Crim. P. 5(a), 9(a). Both Rules 5 and 9, however, begin with the qualification, "[u]nless otherwise provided by statute." Therefore, the court's rules leave some room for statutory adjustment in the manner in which a defendant can make an initial appearance after his or her arrest to enter certain pleas, as is provided in § 12–10–2, and, importantly, to obtain his or her release on bail. Moreover, as a practical matter, if a defendant could be brought only before a District Court judge, the likelihood of delay would be increased more than if the defendant also could be brought before a bail commissioner. In addition, § 12–10–2 allows a bail commissioner to accept only pleas of not guilty in misdemeanor cases, thus reserving for the court the determination of whether a plea of guilty or *nolo contendere* "is made voluntarily with understanding of the nature of the charge and the consequences of the plea." Dist. R.Crim. P. 11. Therefore, the legislative directive that allows a bail commissioner to accept pleas of not guilty in misdemeanor cases is valid and does not conflict with the

District Court's rules. However, this does not mean that these initial-appearance proceedings constitute an arraignment "conducted in open court" as required by Rule 10. Indeed, we hold that they do not.[3]

The petitioner also questions whether a bail commissioner should be allowed to accept a defendant's waiver of the right to trial by jury. Section 12–10–2 does not require a bail commissioner to inform defendants of their right to a jury trial and their option to waive that right. In addition, the statute does not indicate that these officials may accept a waiver of the right to a jury trial. District Court Administrative Order 88–18 details this procedure. The District Court's rules, however, require that defendants promptly be informed of their right to a jury trial and their right to waive a jury trial. Rule 9 provides that in misdemeanor cases punishable by more than six months imprisonment, the judge is required to inform defendants that they have the right to a jury trial, but that they may waive that right and proceed to trial in District Court. Rule 23 elaborates upon this process and provides that "at the time of the defendant's initial appearance" he or she shall be advised by the court of the right to a trial by jury and that he or she may choose to waive that right and stand trial in District Court without a jury. The waiver of the right is revocable: if defendants waive their right to a jury trial before a bail commissioner, they may, within ten days of their initial appearance before the court, withdraw that waiver. After that ten-day period expires, defendants may withdraw their waiver for good cause shown. *See* Rule 23. The state argues— and we so hold—that the absence of counsel at any such initial hearing constitutes good cause for the later withdrawal of a waiver. Thus, the opportunity to abuse this process is minimal.

The petitioner contends that the arraignment process should not be altered in any way because it is significant for several reasons. First, petitioner argues, the right to counsel attaches at that time.[4] In addition, petitioner suggests that a defendant's arraignment marks the beginning of numerous time periods for motions and filings. For example, a defendant has ten days from arraignment to file a motion for a bill of particulars. *See* Rule 6(e). The defendant must claim the defense of insanity within thirty days of entering his plea, and he or she must file a motion to dismiss on double jeopardy grounds within fifteen days after the plea is entered. *See* Rule 12(b)(3)(4), (c). Discovery motions must be made within fifteen days after arraign-

**3.** In light of this apparent conflict, the District Court should consider recommending to this Court amendments to Rules 5 and 10 of the District Court Rules of Criminal Procedure (and any other rule changes deemed necessary or advisable by the District Court) to provide that, in cases where an accused is brought before a bail commissioner and a plea of not guilty is taken and the accused is released on bail or personal recognizance, the requirement that the arrested person shall be taken "without unnecessary delay before a judge of the District Court" is obviated; and, because a pretrial conference before a judge of the District Court has been scheduled, there is no need for an arraignment "in open court" in accordance with Rule 10. Certain-

ly, when the accused is not released on bail or personal recognizance, an appearance before a judge of the District Court "without unnecessary delay" is required.

**4.** An accused's right to counsel attaches "at or after the time that judicial proceedings have been initiated against him * * * 'whether by way of formal charge, preliminary hearing, indictment, information or arraignment.'" *State v. Baton*, 488 A.2d 696, 703 (R.I.1985) (quoting *Brewer v. Williams*, 430 U.S. 387, 398, 97 S.Ct. 1232, 1239, 51 L.Ed.2d 424, 436 (1977) and *Kirby v. Illinois*, 406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411, 417 (1972)).

ment. *See* Rule 16(f). However, these issues are not appropriately before us. Nor does petitioner explain how a defendant would be aided in meeting these deadlines by entering a plea of not guilty before a judge rather than a bail commissioner.

We conclude that the state is correct in its assessment of these circumstances. Although the District Court Rules do not specifically provide for all of the authority given to a bail commissioner by § 12–10–2, there is no necessary conflict between them and, as a practical matter, the functions carried out by these officers are important to the day-to-day running of the District Court.

■ The petitioner requests that this Court hold that his initial appearance before the bail commissioner was invalid, that he had a unilateral right to revoke his waiver of right to a jury trial within the ten-day period after that appearance, and that the state's failure to afford him the opportunity to consult with counsel prior to executing the waiver constituted good cause within the meaning of Rule 23. We deny that portion of the petition that seeks to invalidate the bail-commissioner proceedings, but we grant certiorari with respect to the petitioner's latter two requests. Thus, we rule that Adams possessed the unilateral right to withdraw his jury-trial waiver at any time before the expiration of the ten-day period that began to run after his initial appearance before the District Court or a judge of that court—but not after his initial appearance before the bail commissioner. We further hold that the absence of counsel during the proceeding before the bail commissioner constituted good cause to revoke the waiver after the expiration of the ten-day period. We quash any orders in this case that are inconsistent with this decision and return the file in this case to the District Court with our decision endorsed thereon.

## APPENDIX A

### ADMINISTRATIVE ORDER 88–18

RE: PROCEDURES FOR BAIL COMMISSIONERS (SUPERSEDING ADMINISTRATIVE ORDER 88–15)

In addition to the applicable Constitutional and Statutory provisions, and the Rules of Criminal Procedure, the following procedures shall be followed by the Justices of the Peace Authorized to Set and Take Bail (Bail Commissioners) when conducting arraignments in misdemeanor cases and initial appearances in felony cases:

For all cases:

1. At the commencement of the arraignment/initial appearance, the bail commissioner shall inquire if the defendant has counsel. Any entry shall be accepted and the name of counsel noted on the complaint.

2. If the defendant is without counsel, the bail commissioner shall inform the defendant of his/her right to retain counsel.

3. The bail commissioner shall inform the defendant that he/she has the right not to make a statement and that any statement may be used against the defendant at the time of trial.

4. The bail commissioner shall inform each defendant that if he/she is an alien in the United States, a plea of guilty or nolo contendere may affect his/her immigration status.

For misdemeanor cases:

The bail commissioner shall explain the following:

1. *The Right to Bail*—The bail commissioner shall explain the degree of the

offense charged to the defendant and his/her right to have bail set.

2. *The Special Arraignment Process*—The bail commissioner shall explain to the defendant that a bail commissioner may only accept a plea of not guilty and that the defendant insists on entering a plea of guilty or nolo contendere the case will be reassigned for arraignment before a judge of the court.

3. *The Right to Counsel*—The bail commissioner shall inform the defendant that if he/she is unable to afford a lawyer, the case shall be referred to the Office of the Public Defender. If claim of indigency is made, the space on the complaint labeled "Attorney Name" shall be marked "Referred Public Defender" or "Referred P.D." On the Notice form the box indicating a referral to the Public Defender shall be marked with an "X" or a check mark.

4. *The Special Arraignment*—The bail commissioner shall read the charge to the defendant or state to him/her the substance of the charge. The defendant shall be given a copy of the charge. The defendant shall be called to plead thereto. A not guilty plea may be accepted by the bail commissioner. Such plea shall be noted on the complaint on the line entitled ARRAIGNMENT in the boxes labeled PLEA COUNT 1, PLEA COUNT 2, or PLEA COUNT 3. Silence by the defendant shall be recorded as a plea of not guilty. If the defendant insists on attempting to enter a plea of "guilty" or "nolo contendere", the matter shall be scheduled for arraignment before a judge of the court.

5. *The Right to Trial by Jury*—In the case of a misdemeanor punishable by more than six (6) months imprisonment, the defendant shall be informed of the right to a trial by jury in the first instance. The bail commissioner shall inform the defendant that he has a right to trial by jury in the first instance, but in the event he chooses to waive that right and to stand trial in the District Court without a jury and is found guilty he is entitled to appeal that judgment to the Superior Court where he will receive a trial de novo before a jury. He shall also be informed that if within ten (10) days of the date of his arraignment he does not file a written waiver of his right to a jury trial in the first instance, the proceedings shall be transferred to the Superior Court for trial in that court. If the defendant desires such a waiver, the bail commissioner shall require the defendant to execute such a waiver and the commissioner shall return such waiver to the court. In either case, the box on the complaint labelled "JURY TRIAL WAIVED" shall be marked "YES" or "NO."

6. *The Setting of Dates [Notice Form]*—If a plea of not guilty is recorded and (in the case of a misdemeanor punishable by more than six months imprisonment) a waiver of trial by jury is executed, the bail commissioner shall schedule pretrial conference and trial dates before the court. The bail commissioner shall explain the nature of these dates to the defendant. The pretrial conference date shall be two (2) weeks following arraignment; the trial date shall be six (6) weeks following arraignment [except for cases of driving while under the influence, which must be scheduled four (4) weeks following arraignment]. These dates shall be noted on a form provided and the defendant shall be required to sign the form; the defendant shall be given a copy thereof. The bail commissioner shall also note the dates on the complaint form and on the recognizance form. The bail commissioner shall explain that no other

notice shall be given and that the defendant must appear with or without an attorney.

For Felony Cases:

1. No bail commissioner shall set bail on any complaint for which bail may be denied pursuant to Article 1, § 9 of the Rhode Island Constitution or on a complaint alleging that the defendant is a fugitive from justice,

2. Except as provided in Paragraph 1, the bail commissioner shall explain the degree of the offense and his her right to have bail set.

3. The bail commissioner shall read the charge to the defendant or state to him/her the substance of the charge. The defendant shall be given a copy of the charge. It shall be explained to the defendant that because the charge is beyond the trial jurisdiction of the District Court, no plea will be entered. The words "NO PLEA" shall be entered on the complaint on the line entitled ARRAIGNMENT in the boxes labeled PLEA COUNT 1, PLEA COUNT 2, or PLEA COUNT 3.

4. *The Right to Counsel*—The bail commissioner shall inform the defendant that if he/she is unable to afford a lawyer, the case shall be referred to the Office of the Public Defender. If claim of indigency is made, the space on the complaint labeled "Attorney Name" shall be marked "Referred Public Defender" or "Referred P.D." On the Notice form the box indicating a referral to the Public Defender shall be marked with an "X" or a check mark.

5. *The Setting of Dates (Notice Form)*—The bail commissioner shall set the following screening dates on the forms provided:

a) Pursuant to Superior Court Administrative Order 88–8, for complaints for Divisions 1, 5, 6, 7, and 8, the following dates shall be set on forms provided:

(i) If no entry has been filed, a determination of attorney date two (2) weeks hence in the Division of origin.

(ii) A Pre–Arraignment Conference Date nine (9) weeks hence at the Garrahy Judicial Complex.

(iii) An Arraignment date ten (10) weeks hence at the Garrahy Judicial Complex.

b) For complaints from Divisions 2, 3, and 4, the following dates shall be set:

(i) A Determination of Attorney Date two weeks hence.

(ii) A screening date three (3) weeks hence.

The nature of these dates shall be explained to the defendant by the bail commissioner. These dates shall be noted on a form provided and the defendant shall be required to sign the form; the defendant shall be given a copy thereof. The bail commissioner shall also note the dates on the complaint form and on the recognizance form. The bail commissioner shall explain that no other notice shall be given and that the defendant must appear with or without an attorney.

For all cases:

1. If the rights enumerated above are explained to the defendant, the box labeled "ADVISED OF RIGHTS" shall be marked "YES."

2. The bail commissioner shall set bail pursuant to the Bail Guidelines promulgated by the Rhode Island Supreme Court.

3. The amount and form of bail set shall be indicated in the box labeled "BAIL FOR ALL COUNTS" in the por-

tion of the complaint marked AR-RAIGNMENT and on the bail/recognizance form.

4. Any conditions of bail shall be noted on the bail/recognizance form.

5. In any case of Domestic Violence as defined in R.I. General Laws § 12–29–2, the bail commissioner shall issue a no-contact order (as a condition of the bail/recognizance) prohibiting the person charged or arrested from having contact with the victim. The bail commissioner shall write the following legend on the bail/recognizance form:

VIOLATION OF THIS ORDER IS A CRIMINAL OFFENSE UNDER R.I.G.L. § 12–29–4 AND WILL SUB-JECT A VIOLATOR TO ARREST!

6. The bail commissioner shall require the defendant to execute a Bail/Recognizance Form in connection with the setting of all bail.

7. Cash bail may be satisfied by currency or by a Bank, Cashler's or Certified check. In no circumstance may a personal check be accepted as bail money.

8. The bail commissioner shall explain to the defendant that he/she must appear on the dates which have been given and that he/she must keep the peace and be of good behavior. The bail commissioner shall further explain to the defendant that if he/she fails to appear, fails to keep the peace, or breaches any condition of his/her release, one or more of the following may occur:

a) A warrant will issue and the defendant will be subject to arrest.

b) The defendant may be held without bail for a bail revocation hearing.

c) Bail may be defaulted.

d) The defendant may be found in contempt.

e) That if the defendant fails to appear and is arrested, a $100 Warrant fee will be assessed.

The bail commissioner shall also inform the defendant that the defendant must obtain permission to leave the state and must personally notify the clerk's office of any change in address.

9. In all cases where a mittimus to the Adult Correctional Institution must be executed, a writ of habeas corpus shall also be executed [and sent to the prison] which requires the defendant to be brought before the next sitting of the court.

10. Bail Commissioners *must* personally present the Complaint, Bail Recognizance Form, Notice Form, Jury Trial Waiver Form, and/or any other documents in the case and any bail money to the Clerk's Office for the Division at 8:30 A.M. on the next day it is open.

Entered as an Order of this Court on this 22nd day of November, 1988.

BY ORDER:
/s/ Jerome Smith
JEROME SMITH, Chief Clerk

ENTER:
/s/ Albert E. DeRobbio
ALBERT E. DEROBBIO, Chief Judge